SHOWALTER, APPELLANT, *v.* BECKMAN ET AL., BOARD OF COUNTY COMMRS. OF HAMILTON COUNTY, APPELLEES.

(No. 9707—Decided June 1, 1965.)

*Mr. Albert J. Lerner,* for appellant.
*Mr. Melvin G. Rueger* and *Mr. Arthur Ney,* for appellees.

HILDEBRANT, P. J.   The Probate Court certified an appeal in a county road case to the Common Pleas Court.   That court considered that Chapter 2505 of the Revised Code headed "Procedure on Appeals," a general chapter, and Chapter 5563 of the Revised Code headed "Appeals in County Road Cases," a specific chapter, could be construed together and dismissed the road appeal for the reason that the notice of appeal filed in the Probate Court was not filed within the time limit of ten days

fixed by Section 2505.07, a general statute, and ignored the specific statutes on road appeals set out in Chapter 5563.

The appeal is here on questions of law.

After two continuances of the hearing on claims for compensation and damages originally set on February 5, 1964, during which the matter was considered, the Board of County Commissioners, on March 11, 1964, made an award of compensation and damages to certain ones, including this appellant, and fixed a bond of $100, with surety approved by the County Auditor in event of appeal from such awards.

On the same day, appellant filed written notice of appeal in the words and figures following:

"Board of County Commissioners, Hamilton County, Ohio
"In re: Establishment of Plainfield Road
No. 273, Sycamore Township
Hamilton County, Ohio
"Notice of Appeal By Frank L. Showalter.

"Now comes Frank L. Showalter and gives notice of his intention to appeal to the Probate Court of Hamilton County, Ohio from the final order of the Board of Commissioners of Hamilton County, Ohio, with respect to the improvement of Plainfield Road, made by them on the 11th day of March, 1964.

"Said appeal is from the determination of said Board of County Commissioners regarding:

"(A) The compensation for land appropriated

"(B) The damages allowed to property affected by the improvement

"(C) The order establishing the proposed improvement.

"Executed at Cincinnati, Ohio, this 11th day of March, 1964.

/s/ Frank L. Showalter
2100 Losantiville Road
Cincinnati 37, Ohio."

Appellant then filed within time the $100 bond approved by the auditor.

The Board of County Commissioners took no action whatsoever responsive to the notice of appeal filed with it, and on March 23, 1964, appellant filed in the Probate Court a document executed on March 21, 1964, headed "Notice of Appeal of Frank L. Showalter; In re Establishment of Plainfield Road No. 273," together with a praecipe to the Clerk of the Board of

County Commissioners for the original papers and transcript of proceedings, and a praecipe to the Clerk of the Probate Court to serve a copy of such notice on the defendants.

Thereafter, on March 26, 1964, the Clerk of the Board of County Commissioners filed with the Probate Court the transcript of the proceedings of the Board of County Commissioners contemplated by the statutes. On April 1, 1964, the cause was certified to the Common Pleas Court with praecipe to the clerk to lodge the transcript there.

Section 5563.02 of the Revised Code, a specific statute providing for appeal from the Board of County Commissioners in road improvement proceedings, provides in part:

"Any person, firm, or corporation desiring to appeal from the final order or judgment of the board upon any such questions, shall, at the final hearing upon matters of compensation or damages, give notice in writing of an intention to appeal, specifying therein the matters to be appealed from."

Such section further provides:

"The board shall fix the amount of the bond to be given by the appellant, which amount shall be reasonable, and cause an entry thereof to be made upon its journal. The appellant, within ten days thereafter, shall file with the county auditor a bond in the amount so fixed, with sureties to be approved by the county auditor. * * *"

Specific statute Section 5563.03 then requires the board to act, stating:

"Within ten days after the filing of an appeal bond or the making of the journal entry as provided by Section 5563.02 of the Revised Code, the board of county commissioners shall transmit to the Probate Court or to the Common Pleas Court the original papers in the road improvement proceedings, and a certified transcript of the record of the board of all proceedings in connection therewith. Upon receipt thereof the court shall docket the cause, and the appellants shall be designated as plaintiffs and the board and other parties in interest as defendants."

Appellants followed the provisions of Section 5563.02, Revised Code, to the letter, but the Board of County Commissioners failed to function within the required ten days in compliance with Section 5563.03, Revised Code.

At the next court day after the ten-day period during which

the Board of County Commissioners failed to function, appellant filed in the appellate tribunal, in this instance the Probate Court, his document headed "Notice of Appeal" as set forth above. Provision for the filing of such a notice with the appellate tribunal is nowhere to be found in the statutes, and it was and is a completely superfluous document filed out of time under the chapter relating to general appeals and completely vulnerable to motion to strike from the files.

However, its filing prodded the delinquent Board of County Commissioners into complying with Section 5563.03, Revised Code, as it was already required to do. Upon that compliance the appeal was perfected upon being docketed by the court designating appellant as plaintiff and the board *et al.* as defendants.

Therefore, the Court of Common Pleas was in error in attempting to construe the general chapter on appeals with the specific chapter on road appeals under the circumstances of this case.

The judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

HOVER, J., concurs.
LONG, J., not participating.